UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-92-GWU

TERRI SHULTZ, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Terri Shultz brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

    3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

    4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

    5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

6

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Shultz, a 50-year-old former certified nurse's aide with a high school education, suffered from impairments related to degenerative disc disease of the thoracic spine, migraines, anxiety and depression.  (Tr. 12, 18).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 16, 18).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 18-19).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security benefits.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Betty Hale initially included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) an inability to sit for more than six hours a day and stand or walk for more than six hours a day; (2) the need for a sit/stand option in 30 minute intervals; (3) an inability to ever climb, stoop, crawl or bend; and (4) a need to avoid exposure to extreme cold and vibration. (Tr. 46). In response, Hale identified a significant number of jobs which could still be performed. (Tr. 47). The ALJ then added such mental restrictions as a limitation to simple instructions in two-hour increments over an eight-hour day with an ability to adapt to changes and pressures and relate to others adequately in such a routine work setting. (Id.). The expert indicated that the available job base would be reduced but that a significant number of jobs would remain. (Tr. 47-49). The ALJ relied upon this information to support the administrative decision.

Shultz argues that the ALJ erred by failing to fully adopt the opinion of Dr. Clark Bailey, her treating physician. Dr. Bailey opined in March of 2007 that due to her problems with severe neck pain and migraines, the plaintiff was unable to work. (Tr. 724). As noted by the ALJ (Tr. 18), this was an opinion reserved to the Commissioner under the federal regulations at 20 C.F.R. § 404.1527(e)(1) and not binding on the administration.

In October of 2008, Dr. Bailey completed a Physical Capacities Evaluation form upon which he reported that Shultz was limited to performing light level work, restricted from a full range by (1) an inability to sit for more than four hours a day, stand for more than two hours a day and walk for more than one hour a day; (2) an inability to ever use the hands for repetitive activities such as pushing and pulling; (3) an inability to ever use the feet for repetitive action such as in operating foot controls; (4) an inability to ever bend, squat, and climb; (5) an inability to more than occasionally crawl or reach above shoulder level; (6) a need to avoid all exposure to heights and being around moving machinery; and (7) a "moderate" restriction concerning exposure to marked changes in temperature or humidity, driving automotive equipment and exposure to dust, fumes and gases. (Tr. 798). The plaintiff notes that the restrictions concerning sitting, standing and walking are more severe than those presented in the hypothetical question and would not permit her to work a full eight-hour day. The defendant asserts that the sit/stand option included by the ALJ would accommodate these sitting, standing and walking total time restrictions and, so, the ALJ's findings were essentially compatible with the opinion of Dr. Bailey. However, the court must agree with the plaintiff that the time limits still would not add up to a full workday. Furthermore, Dr. Bailey's restrictions concerning exposure to heights, moving machinery, driving automotive equipment and exposure to environmental pollutants are also more severe than those found

in the hypothetical question.  The defendant did not explain why these numerous restrictions of the treating source were not credited.  The administrative regulations at 404.1527(d)(2) require the ALJ to cite specific reasons for rejecting the opinion of a treating source and the agency's failure to follow its own procedural rules can constitute reversible error.  Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).  Therefore, the undersigned agrees with the claimant that the ALJ erred in dealing with the opinion of Dr. Bailey.

Dr. Robert Brown (Tr. 636-643) and Dr. Carlos Hernandez (Tr. 684-691) each reviewed the record and opined that Shultz would be able to perform a limited range of light level work, restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, stoop and crawl; (3) a limited ability to reach overhead bilaterally; and (4) a need to avoid concentrated exposure to cold and vibrations.  The ALJ's findings were essentially consistent with these opinions.  An ALJ may rely upon the opinion of a non-examining source over that of an examiner when the non-examiner has clearly stated the reasons for their differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Social Security Ruling 96-6p suggests that when the examiner is also a treating source, then the non-examiner needs to have reviewed a complete record which contains the opinion of a specialist who had access to more comprehensive information than the treating doctor.  In the

present action, the reviewers saw the record in June of 2007 (Tr. 643) and August of 2007 (Tr. 691).  Thus, neither reviewer had the opportunity to see and comment upon Dr. Bailey's October, 2008 assessment form or the other treatment records submitted after the reviewer's evaluation.  Therefore, these reports could not be used to support the administrative decision.

Shultz also argues that the ALJ erred in evaluating her credibility.  The plaintiff asserts that the ALJ unfairly relied upon a number of factors such as accusations she forged Dr. John Gilbert's signature on a request for medical leave and that she missed several appointments with her doctor. (Tr. 13).  The defendant asserts that the ALJ could properly rely upon these factors.  Since the action is already being remanded, the plaintiff will have the opportunity to present arguments to an ALJ why such factors were unfair and, so, the court has no need to reach this issue.

Shultz asserts that her medical problems would prevent her from maintaining employment and, so, she could not meet the durational requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999).  However, in Gatliff, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  Gatliff, 172 F.3d at 692.  In the present action, Shultz has

not identified similar evidence suggesting that she would not be able to maintain employment. Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of November, 2010.

**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**